UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 13-21065-CIV-ALTONAGA

JOVELYN ESCALO,

Plaintiff,

v.

STEINER TRANSOCEAN LTD.,

Defendant.
_________________________________________/

**STEINER TRANSOCEAN LTD.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, STEINER TRANSOCEAN LTD. ("STEINER"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint (amended and filed on July 24, 2015), and states as follows:

**GENERAL ALLEGATIONS**

1. For jurisdictional purposes only, STEINER admits in paragraph 1 of Plaintiff's Complaint (amended and filed on July 24, 2015) that Plaintiff seeks damages in excess of Seventy-Five Thousand Dollars ($75,000.00). All other allegations contained in paragraph 1 are hereby denied.

2. The allegations contained in paragraph 2 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is

required, STEINER denies each and every allegation contained in paragraph 2 of Plaintiff's Complaint.

3. For purposes of this litigation only, STEINER admits in paragraph 3 of the Complaint (amended and filed on July 24, 2015) that on March 22, 2012, it was Plaintiff's employer. All other allegations contained in paragraph 3 of the Complaint are hereby denied.

4. Denied.

5. STEINER is without knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint (amended and filed on July 24, 2015) and so they are hereby denied.

6. STEINER is without knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint (amended and filed on July 24, 2015) and so they are hereby denied.

7. STEINER is without knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint (amended and filed on July 24, 2015) and so they are hereby denied.

8. STEINER is without knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint (amended and filed on July 24, 2015) and so they are hereby denied.

9. Denied.

10. Denied.



HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Ave., Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

**COUNT I**
**JONES ACT NEGLIGENCE – FAILURE TO PROVIDE PROMPT AND ADEQUATE CURE**

11. STENIER adopts and realleges each and every denial and admission contained in paragraphs 1 through 10 as if fully set forth herein, and further states:

12. The allegations contained in paragraph 12 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint.

13. The allegations contained in paragraph 13 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

15. The allegations contained in paragraph 15 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is

required, STEINER denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

16. The allegations contained in paragraph 16 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 16 of Plaintiff's Complaint.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Denied.

19. Denied.

20. For purposes of this litigation only, STEINER admits in paragraph 20 of the Complaint (amended and filed on July 24, 2015) that on March 22, 2012, it was Plaintiff's employer. All other allegations contained in paragraph 20 of Plaintiff's Complaint seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 20 of Plaintiff's Complaint.

21. The allegations contained in paragraph 21 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 21 of Plaintiff's Complaint.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 22 of Plaintiff's Complaint.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 23 of Plaintiff's Complaint.

24. Denied.

25. The allegations contained in paragraph 24 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint.

27. STEINER denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint (amended and filed on July 24, 2015), including subparts A. through C.

28. Denied.

29. STEINER denies each and every allegation contained in paragraph 29 of Plaintiff's Complaint (amended and filed on July 24, 2015), including subparts A. through P.

30. STEINER denies each and every allegation contained in paragraph 30 of Plaintiff's Complaint (amended and filed on July 24, 2015), including subparts A. through P.

31. Denied

32. **WHEREFORE,** Defendant, STEINER TRANSOCEAN LTD., denies that Plaintiff is entitled to judgment and demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

**COUNT II**
**U.S. GENERAL MARITIME LAW CLAIM FOR FAILURE TO PROVIDE PROMPT AND ADEQUATE MAINTENANCE AND CURE**

33. STENIER adopts and realleges each and every denial and admission contained in paragraphs 1 through 10 as if fully set forth herein, and further states:

34. The allegations contained in paragraph 34 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 34 of Plaintiff's Complaint.

35. The allegations contained in paragraph 35 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 35 of Plaintiff's Complaint.

36. The allegations contained in paragraph 36 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 36 of Plaintiff's Complaint.

37. The allegations contained in paragraph 37 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is



HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Ave., Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

required, STEINER denies each and every allegation contained in paragraph 37 of Plaintiff's Complaint.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 38 of Plaintiff's Complaint.

39. The allegations contained in paragraph 39 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 39 of Plaintiff's Complaint.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. The allegations contained in paragraph 44 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 44 of Plaintiff's Complaint.

45. The allegations contained in paragraph 45 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 45 of Plaintiff's Complaint.

46. Denied.

47. The allegations contained in paragraph 47 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 47 of Plaintiff's Complaint.

48. The allegations contained in paragraph 48 of Plaintiff's Complaint (amended and filed on July 24, 2015) seek to establish a legal conclusion. As such, they are objectionable and no response is required. To the extent a response is required, STEINER denies each and every allegation contained in paragraph 48 of Plaintiff's Complaint.

49. STEINER denies each and every allegation contained in paragraph 49 of Plaintiff's Complaint (amended and filed on July 24, 2015), including subparts A. through C.

50. Denied.

51. STEINER denies each and every allegation contained in paragraph 51 of Plaintiff's Complaint (amended and filed on July 24, 2015), including subparts A. through P.

52. STEINER denies each and every allegation contained in paragraph 52 of Plaintiff's Complaint (amended and filed on July 24, 2015), including subparts A. through P.

53. Denied

54. **WHEREFORE,** Defendant, STEINER TRANSOCEAN LTD., denies Plaintiff is entitled to judgment and demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As its First Affirmative Defense, STEINER alleges that Plaintiff's alleged causes of action contained in Counts I and II are barred due to the release Plaintiff duly executed on May 9, 2013, in Quezon City, Philippines. A true and correct copy of the release was previously filed with the Court [D.E. 19-1] and is incorporated herein by reference.

### Second Affirmative Defense

As its Second Affirmative Defense, STEINER alleges that Plaintiff's alleged causes of action contained in Counts I and II are barred due to accord and satisfaction as evidenced in the release Plaintiff duly executed on May 9, 2013, in



HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Ave., Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Quezon City, Philippines. A true and correct copy of the release was previously filed with the Court [D.E. 19-1] and is incorporated herein by reference.

**Third Affirmative Defense**

As its Third Affirmative Defense, STEINER alleges that if the alleged torts occurred on navigable waters, the General Maritime Law of the United States applies to the exclusion of state law.

**Fourth Affirmative Defense**

As its Fourth Affirmative Defense, STEINER alleges that Plaintiff's own acts of negligence amount to a superseding cause that cuts off any causal connection between STEINER's alleged negligence and Plaintiff's damages.

**Fifth Affirmative Defense**

As its Fifth Affirmative Defense, STEINER alleges that Plaintiff's damages were caused either in whole or in part by Plaintiff's own acts of negligence, including but not limited to the failure to exercise reasonable care and an award, if any, should be reduced accordingly by the principles of comparative fault.

**Sixth Affirmative Defense**

As its Sixth Affirmative Defense, STEINER alleges that Plaintiff's damages were caused either in whole or in part by the act(s) of third persons for whom STEINER is not responsible and that amount to a superseding cause that cuts off any causal connection between STEINER's alleged negligence and Plaintiff's damages.

**Seventh Affirmative Defense**

As its Seventh Affirmative Defense, STEINER alleges that Plaintiff failed to mitigate her damages, or alternatively, Plaintiff mitigated her damages, and therefore, her damages, if any, should be reduced accordingly.

**Eighth Affirmative Defense**

As its Eighth Affirmative Defense, STEINER alleges it is entitled to a set-off for any and all monies paid on behalf of the Plaintiff: as a settlement of all claims asserted in the Philippines and any and all other claims Plaintiff had or may have had against STEINER for any reason; towards her maintenance, treatment and medical care, as well as any monies received from collateral and non-collateral sources.

**Ninth Affirmative Defense**

As its Ninth Affirmative Defense, STEINER alleges that the injuries alleged in the Complaint (amended and filed on July 24, 2015) were pre-existing. Therefore, STEINER cannot be held liable for such injuries, as they would have been inevitably worsened. Alternatively, if Plaintiff was injured, aboard the vessel or otherwise, liability extends only to the aggravation of the pre-existing conditions.

**Tenth Affirmative Defense**

As its Tenth Affirmative Defense, STEINER alleges that the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.



HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Ave., Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

**Eleventh Affirmative Defense**

As its Eleventh Affirmative Defense, STEINER alleges that Plaintiff's claims are subject to, and limited in accordance with, the terms and conditions of any applicable collective bargaining agreement governing and/or incorporated into Plaintiff's employment contract.

**Twelfth Affirmative Defense**

As its Twelfth Affirmative Defense, STEINER alleges that the Complaint (amended and filed on July 24, 2015) fails to state a cause of action for Jones Act Negligence – Failure to Provide Prompt and Adequate Cure and Failure to Provide Prompt and Adequate Maintenance and Cure upon which relief can be granted.

**Thirteenth Affirmative Defense**

As its Thirteenth Affirmative Defense, STEINER alleges Plaintiff's damages are limited in accordance with the terms and conditions of Plaintiff's contract of employment and/or incorporated POEA standard terms and conditions and/or Philippine law.

**Fourteenth Affirmative Defense**

As its Fourteenth Affirmative Defense, STEINER alleges it has fully met its obligation to provide maintenance and cure to Plaintiff. Additionally, STEINER alleges Plaintiff reached maximum medical cure and is not entitled to additional maintenance or cure benefits.



HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Ave., Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

**Fifteenth Affirmative Defense**

As its Fifteenth Affirmative Defense, STEINER alleges that Plaintiff's claims for Jones Act Negligence – Failure to Provide Prompt and Adequate Cure and Failure to Provide Prompt and Adequate Maintenance and Cure are time barred by the applicable statute of limitations, the General Maritime Law, the Jones Act and/or the equitable doctrine of laches.

**Sixteenth Affirmative Defense**

As its Sixteenth Affirmative Defense, STEINER alleges that the Release of All Rights, duly executed by Plaintiff in the Philippines, in connection with the settlement of a legal proceeding in the National Labor Relations Commission in the Philippines, and approved by the NLRC Executive Labor Arbiter, is governed by Philippine law as to construction, validity, enforcement and in all other respects.

**Seventeenth Affirmative Defense**

As its Seventeenth Affirmative Defense, STEINER alleges that Plaintiff's claims are barred by res judicata due to the adjudication of her current claims by a competent court in the Philippines, and the settlement of those claims which were memorialized in the release of all rights Plaintiff executed on May 9, 2013, in Quezon City, Philippines. A true and correct copy of the release was previously filed with the Court [D.E. 19-1] and is incorporated herein by reference.

**WHEREFORE**, Defendant, STEINER TRANSOCEAN LTD., respectfully requests this Court dismiss this action, with prejudice, and enter judgment in its



HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Ave., Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

favor, awarding it attorneys' fees, expenses, and costs, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jerry D. Hamilton
Jerry D. Hamilton (Florida Bar No. 970700)
Hector V. Ramirez (Florida Bar No. 484857)
Jessica Calvo (Florida Bar No. 76857)
HAMILTON, MILLER & BIRTHISEL, LLP
Attorneys for Defendant
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone: 305-379-3686
Facsimile: 305-379-3690

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Jerry D. Hamilton
Jerry D. Hamilton

**SERVICE LIST**

Julio J. Ayala, Esq.
Florida Bar No. 0977070
crewesq@crewadvocacy.com
Crewmember & Maritime Advocacy Center
66 West Flagler Street, Suite 200
Miami, Florida 33131
Telephone: 305-374-9099
Facsimile: 305-374-5099

**AND**

David W. Brill, Esq.
Florida Bar No. 0959560
david@brglawfirm.com
Joseph J. Rinaldi, Jr., Esq.
Florida Bar No. 0581941
joe@brglawfirm.com
Juan M. Garcia, Jr., Esq.
Florida Bar No. 15258
juan@brglawfirm.com
Najla A. Bubtana, Esq.
Florida Bar No. 100903
najla@brglawfirm.com
Brill Rinaldi Garcia, The Law Firm
17150 Royal Palm Blvd., Suite 2
Weston, Florida 33326
Telephone: 954-876-4344
Facsimile: 954-384-6226
***Counsel for Plaintiff***

Jerry D. Hamilton, Esq.
jhamilton@hamiltonmillerlaw.com
Hector V. Ramirez, Esq.
hramirez@hamiltonmillerlaw.com
Todd L. Sussman, Esq.
tsussman@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
***Counsel for Defendant***